AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>SEIZED DEVICES CURRENTLY LOCATED AT 9325 DISCOVERY<br>BOULEVARD, MANASSAS, VIRGINIA 20109; ONE (1) APPLE IPHONE 11<br>PRO MAX TELEPHONE WITH IMSI 312530009145422; ONE APPLE<br>IPHONE 11 PRO CELLULAR TELEPHONE WITH UNKNOWN IMSI; AND<br>ONE (1) GRAY MICROSOFT LAPTOP COMPUTER. | ) ) ) ) ) ) ) | Case No. 1:20-SW-1425<br>1:20-SW-1426<br>1:20-SW-1427 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
SEE ATTACHMENTS A-1, A-2, AND A-3

located in the _____Eastern_____ District of _____Virginia_____ , there is now concealed *(identify the person or describe the property to be seized):*
SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 and 846 | Conspiracy to Distribute Controlled Substances |

The application is based on these facts:
SEE AFFIDAVIT

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

FBI Special Agent Donald A. Mockenhaupt
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means).*

Date: ____09/21/2020____

Digitally signed by Michael S. Nachmanoff
Date: 2020.09.21 15:19:00 -04'00'
_____
*Judge's signature*

City and state: __Alexandria, Virginia__

The Honorable Michael S. Nachmanoff, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A-1

*Description of Electronic Device to Be Searched*

The property to be searched is an Apple iPhone 11 Pro Max cellular telephone with IMSI 312530009145422.

The Device is currently stored in the FBI Northern Virginia Resident Agency located at 9325 Discovery Boulevard, Manassas, Virginia, 20109, within the Eastern District of Virginia.

This warrant authorizes the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## <u>ATTACHMENT A-2</u>

*Description of Electronic Device to Be Searched*

The property to be searched is an Apple iPhone 11 Pro cellular phone.

The Device is currently stored in the FBI Northern Virginia Resident Agency located at 9325 Discovery Boulevard, Manassas, Virginia, 20109, within the Eastern District of Virginia.

This warrant authorizes the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## <u>ATTACHMENT A-3</u>

*Description of Electronic Device to Be Searched*

The property to be searched is a gray Microsoft laptop computer.

The Device is currently stored in the FBI Northern Virginia Resident Agency located at 9325 Discovery Boulevard, Manassas, Virginia, 20109, within the Eastern District of Virginia.

This warrant authorizes the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## ATTACHMENT B

*Property to be Seized*

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of Title 21, United States Code, Sections 841 and 846 (conspiracy to distribute and possess with intent to distribute, controlled substances), as described in the affidavit in support of the search warrant, including, but not limited to:

2. All records and information relating to violations of Title 21, United States Code, Sections 841 and 846, including:

    a. the nature, scope, extent and methods of operation of the drug trafficking activities in which DAT QUOC NGUYEN and others both known and unknown or not yet fully identified were engaged;

    b. the identities, roles, and telephone numbers of co-conspirators, accomplices, aiders and abettors, and other participants in such illegal activity;

    c. any conversations, whether through text messages or other applications, where DAT QUOC NGUYEN discussed controlled substances;

    d. the existence and location of apartments, residences, businesses and other premises used in the furtherance of the illegal activity;

    e. the methods of operation for transferring proceeds of illegal drug sales;

    f. the existence and location of records of the illegal activity;

    g. the existence, location, and source of resources used to finance the illegal activity;

    h. the existence and location of any other items or means used in furtherance of those activities; and

    i. lists of customers and related identifying information;

    j. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    k. the dates, times, and details of the continued commission of the above-mentioned offenses.

    l. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    m. any photographs of controlled substances, packaging materials, or co-conspirators; and

    n. all bank records, checks, credit card bills, account information, and other financial records.

    o. evidence of the use of virtual private networks and the TOR network including, but not limited to, access of darknet marketplaces;

    p. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    q. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    r. passwords, encryption keys, PGP keys, recovery seeds, and other access devices that may be necessary to access the Device;

s.  evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

t.  evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

u.  evidence of the use of virtual private networks and the TOR network including, but not limited to, access of darknet marketplaces;

v.  evidence of the attachment of other devices;

w.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

x.  evidence of the times the device was used;

y.  applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

z.  records of or information about Internet Protocol addresses used by the device; and

aa. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

bb. Any and all cryptocurrency, to include the following:

  i.  any and all representations of cryptocurrency public keys or addresses, whether in electronic or physical format;

  ii. any and all representations of cryptocurrency private keys, whether in electronic or physical format;

  iii. any and all representations of cryptocurrency wallets or their constitutive parts, whether in electronic or physical format, to include "recovery seeds" or "root keys" which may be used to regenerate a wallet.

  iv. The United States is authorized to seize any and all cryptocurrency by transferring the full account balance in each wallet to a public cryptocurrency address controlled by the United States.

  v.  The United States is further authorized to copy any wallet files and restore them onto computers controlled by the United States. By restoring the wallets on its own computers, the United States will continue to collect cryptocurrency transferred into the wallets seized as a result of transactions that were not yet completed at the time that the devices were seized.

3.    As used herein, the terms "records," "documents," "programs," "applications," "materials," and "information" include all forms of creation or storage, including in digital form on any digital device and any forensic copies thereof as well as any form of computer or electronic storage (such as hard disks or other media that can store

2

data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

4. As used herein, the term "computer" is an electronic, magnetic, optical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device. *See* 18 U.S.C. § 1030(e)(1). Computers are physical units of equipment that perform information processing using a binary system to represent information. Computers include, but are not limited to, desktop and laptop computers, smartphones, tablets, smartwatches, and binary data processing units used in the operation of other products like automobiles.

5. As used herein, the term "storage medium" includes any information storage device in which information is preserved in binary form and includes electrical, optical, and magnetic digital storage devices. Examples of digital storage media include, but are not limited to, compact disks, digital versatile disks ("DVDs"), USB flash drives, flash memory cards, and internal and external hard drives.

6. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

7. For any computer or storage medium whose seizure is otherwise authorized by the search warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER").

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    e. evidence of the use of virtual private networks and the TOR network including, but not limited to, access of darknet marketplaces;

    f.   evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    g.   evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    h.   evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    i.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    j.   evidence of the times the COMPUTER was used;

    k.   passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    l.   documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    m.   records of or information about Internet Protocol addresses used by the COMPUTER;

    n.   records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    o.   Routers, modems, and network equipment used to connect COMPUTERs to the Internet; and

    p.   contextual information necessary to understand the evidence described in this Attachment B.

8.    The search warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

9.    If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of government attorneys and agents is established. The filter team will have no previous or future involvement in the investigation of this matter. The filter team will review all seized communications and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do *not* involve an attorney to the investigative team and the investigative team may resume its review. If the filter team decides that any of the communications to/from attorneys are not actually privileged (*e.g.,* the communication includes a third party or the crime-fraud exception applies), the filter team must obtain a court order before providing these attorney communications to the investigative

team. This investigation is presently covert and the government believes that the subject(s) of the search is not aware of this warrant.